IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RONALD SATISH EMRIT,**           *

    **Plaintiff**                          *

v.                                         *       Civ. No. DLB-23-978

**SABINE AISHA JULES,**            *

    **Defendant**                        *

**MEMORANDUM OPINION AND ORDER**

On April 10, 2023, Ronald Satish Emrit filed a complaint against his former spouse Sabine Aisah Jules and a motion to proceed in forma pauperis. He claims "tortious interference with family relations," "tortious interference with business relations," "nuisance" "invasion of privacy through intrusion upon seclusion," and "intentional infliction of emotional distress." ECF 1, at 6–9. It appears he seeks an annulment of his marriage to Jules. For the reasons that follow, the Court grants the motion to proceed in forma pauperis and dismisses the complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

A federal district court does not hear all cases. Federal district courts have jurisdiction to hear only "civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject matter jurisdiction, "the court must dismiss the action"). The party filing suit in this Court bears the burden of establishing the Court's subject matter jurisdiction. *Robb Evans &*

*Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see Hertz*, 599 U.S. at 96. This Court must construe liberally complaints filed by self-represented plaintiffs. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

This Court has diversity jurisdiction, with certain class action exceptions not relevant here, when there is "complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). For purposes of determining whether there is diversity, a natural person is deemed a citizen of the State in which he or she is domiciled. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.,* 145 F.3d 660, 663 (4th Cir. 1998).

Emrit asserts "complete diversity" as the basis of this Court's jurisdiction. On the face of the complaint, however, there is not complete diversity because the Emrit alleges that he and Jules are both residents of Florida. ECF 1, at 5. If both the plaintiff and defendant are citizens of Florida, as Emrit alleges, there is not diversity among the parties. In addition, Emrit concedes that the amount in controversy is not satisfied. *Id*. Moreover, because he appears to allege only state law claims, he has failed to establish any other basis for federal jurisdiction. Insofar as he asserts in a conclusory fashion that this case "involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause," *id*., he does not explain how any of the statutes or constitutional provisions relate to his case. Consequently, his allegations are insufficient to present a federal question. *See Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (noting a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" (quoting *King v. Rubenstein*, 825 F.3d 206,

212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570))). Accordingly, the Court must dismiss the complaint without prejudice for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). This dismissal does not prejudice the plaintiff's right to present his claims in state court.

Lastly, the Court notes that Emrit has filed numerous cases in this Court,[1] and he has filed a complaint seeking an annulment from the defendant in eleven other districts.[2] Another federal district court recently found that Emrit "has filed no fewer than 200 civil actions in federal district courts since 2013, and the Middle District of Florida has issued a 'Vexatious Litigant Order' in a case he filed there, barring Emrit from filing any new document in that district without first obtaining" prior written approval, and that "many of [Plaintiff's] other actions have been dismissed as frivolous, malicious or for failure to state a claim." *Emrit v. Epic Med. Records*, Civil Action

---

[1] *See Emrit v. Cheap-O-Air*, Civ. No. PWG-13-803 (D. Md. 2013), *Emrit v. Office Depot, Inc.*, Civ. No. RWT-13-2297 (D. Md. 2013), *Emrit v. Md. State Bar Assoc.*, Civ. No. JKB-15-2548 (D. Md. 2015), *Emrit v. Heck*, Civ. No. PWG-17-14 (D. Md. 2017), *Emrit v. Cegavske*, Civ. No. GJH-17-63 (D. Md. 2017), *Emrit v. Holland & Knight, LLP*, Civ. No. GJH-17-65 (D. Md. 2017), *Emrit v. Nevada Dep't of Motor Vehicles*, Civ. No. GJH-17-64 (D. Md. 2017), *Emrit v. Hardy*, Civ. No. PWG-17-75 (D. Md. 2017), *Emrit v. Holy Cross Hosp.*, Civ. No. GJH-17-2703 and GJH-17-2761 (D. Md. 2017), *Emrit v. Shady Grove Hosp.*, Civ. No. GJH-17-2714 and GJH-17-2764 (D. Md. 2017), *Emrit v. Univ. of Md. Midtown Campus*, Civ. No. GJH-17-2715 and GJH-17-2762 (D. Md. 2017), *Emrit v. Laurel Reg. Hosp.*, Civ. No. GJH-17-2717 and GJH-17-2763 (D. Md. 2017), *Emrit v. Bd. of Immigration App.*, Civ. No. GJH-22-623 (D. Md. 2022), *Emrit v. Nat'l Sec. Agency*, Civ. No. GLR-22-640 and PX-22-625 (D. Md. 2022), *Emrit v. Central Intell. Agency*, Civ. No. PX-22-625 (D. Md. 2022); *Emrit v. Hagerstown Hous. Auth., et al.*, Civ. No. ELH-22-3145 (D. Md. 2022), *Emrit v. Special Agent in Charge*, Civ. No. RDB-22-3160 (D. Md. 2022), *Emrit v. Queen Annes Hous. Auth., et al.*, Civ. No. SAG-22-3161 (D. Md. 2022*), Emrit v. Calvert Cnty. Hous. Auth., et al.*, Civ. No. PX-22-3159 (D. Md. 2022), and *Emrit v. Pr. Georges Cnty. Hous. Auth., et al.*, Civ. No. PX-22-3162 (D. Md. 2022).

[2] *Emrit v. Jules*, Civ. No. JHG-23cv453 (N.D. Al. 2023); *Emrit v. Jules*, Civ. No. KG-23-353 (D.C. 2023); *Emrit v. Jules*, Civ. No. 23cv-0008 (N.D. Fl. 2023); *Emrit v. Jules*, Civ. No. RAR-23-60014 (S.D. Fl. 2023); *Emrit v. Jules*, Civ. No. RWS-23-3 (N.D. Ga. 2023); *Emrit v. Jules*, Civ. No. DCR-23-110 (E.D. Ky. 2023); Emrit v. Jules, Civ. No. MPM-RP-23-101 (N.D. Ms. 2023); *Emrit v. Jules*, Civ. No. LF-23-CV-179 (E.D.N.C. 2023); *Emrit v. Jules*, Civ. No. DC-SVH-23-1573 (D. SC 2023); *Emrit v. Jules*, Civ. No. NKM-23-16 (W.D. Va. 2023).

No. 18-cv-937, 2021 WL 5881976 at *1 (W.D. Wis. Dec. 13, 2021) (citations omitted).[3] The plaintiff is forewarned that his continued filing of frivolous and/or duplicative cases may result in this Court also entering an Order limiting his ability to file cases in this Court.

Accordingly, it is, this 13th day of October, 2023, hereby ORDERED that

1. The Motion to Proceed in Forma Pauperis, ECF 2, IS GRANTED;

2. The Complaint IS DISMISSED; and

3. The Clerk SHALL close this case and PROVIDE a copy of this Memorandum Opinion and Order to Emrit.

Deborah L. Boardman
United States District Judge

---

[3] More recently a district court has found that Plaintiff has filed "at least 338 cases in thirty-six states: Alaska, Alabama, Arkansas, California, Connecticut, District of Columbia, Delaware, Florida, Georgia, Hawaii, Iowa, Idaho, Iowa, Illinois, Indiana, Kansas, Louisiana, Massachusetts, Maryland, Maine, Missouri, Montana, North Carolina, Nebraska, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, Wisconsin, West Virginia, and Wyoming." *Emrit v. Jules*, Civ. No. WS-MAG-23-0008 (N.D. Fl. 2023).

4